IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3-03-CR-379-R |
| | ) | |
| TRACY M. OLIVER | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on May 19, 2006, came on to be considered Defendant's Motion to Sell Property in Wichita County filed on the same date and the magistrate judge finds and recommends as follows:

Ms. Oliver seeks an order authorizing her to be permitted to sell a parcel of real property located at 1210 Fillmore St. in Wichita Falls, Texas, in order to obtain funds for the purchase of an automobile upon her anticipated release from the in-custody portion of her sentence imposed on May 14, 2004. As attachments to her motion she has submitted a 2005 tax statement and letters from a California entity offering to purchase the property.[1]

It is unnecessary to address the apparent discrepancy between the parcel identified in Defendant's motion and that described in her attachments since Defendant is not entitled to receive the proceeds from any disposition of property.

As part of the sentence imposed on May 14, 2004, Defendant was ordered to pay restitution in the amount of $69,476.08. As of this date the restitution has not been fully paid.

18 U.S.C. § 3664(n) provides in pertinent part that:

> If a person obligated to pay restitution ... receives substantial

---

[1] The attachments do not correlate with the Fillmore Street address. The letter offers are addressed to Tracy Perez, an alias of Defendant, at 4721 Langford Lane in Wichita Falls.

> resources from any source ... such person shall be required to apply the value of such resources to any restitution ... still owed.

Since Ms. Oliver would be obligated to tender any proceeds from the sale of property toward the restitution owed, her motion should be denied.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Defendant's motion be denied.

A copy of this recommendation shall be transmitted to Defendant and to Richard Vance, Assistant United States Attorney, Fort Worth, Texas.

SIGNED this 1st day of June, 2006.

*(signature)*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.